IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GABRIEL DONNELLY,<br><br>                    Plaintiff,<br><br>            v.<br><br>JOHN C. CAGLE, *et al.*,<br><br>                    Defendants. | Case No. 3:23-cv-00236-JMK |

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On October 17, 2023, Gabriel Donnelly, a self-represented litigant, filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint"), associated exhibits, a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee.[1] Plaintiff is a pretrial detainee currently incarcerated at the Goose Creek Correctional Center. Plaintiff names Judge John C. Cagle, Assistant District Attorney Melissa Howard, and Public Defender Timothy Ayer as defendants ("Defendants").[2] Plaintiff's claims and allegations are repetitive and duplicative of those previously dismissed with prejudice. For relief, he seeks $2 million in "mental/emotional" damages, $5 million in punitive damages, and order dismissing all his criminal charges with prejudice.[3]

---

[1] Dockets 1–4.

[2] Docket 1 at 2.

[3] Docket 1 at 8.

As an initial matter, Plaintiff has failed to name a proper state actor or a state actor that is not immune from suit under 42 U.S.C. § 1983. Further, courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[4] The Court has already provided Plaintiff with substantial guidance regarding nearly identical claims against the same three Defendants and refers Plaintiff to its previous orders, which are attached for Plaintiff's reference.

## DISCUSSION

The Court takes judicial notice[5] of Plaintiff's ongoing criminal case *State of Alaska v. Donnelly*, Case No. 3PA-20-02576CR, and the fact that Defendants are judicial officers or attorneys who are—or have been—involved in a professional capacity in that case.[6] The Court also takes judicial notice of Plaintiff's prior federal cases alleging nearly identical violations of his civil rights. Plaintiff brought these claims in a civil complaint under 42 U.S.C. § 1983 against Respondent Judge John Cagle, Assistant District Attorney Melissa Howard and Public Defender Timothy Ayer,[7] and raised them again in a Petition for a Writ of Habeas Corpus Under

---

[4] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records); *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[6] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] *Donnelly v. Cagle, et al.,* Case No. 3:21-cv-00225-JMK.

28 U.S.C. § 2241.[8]  Plaintiff also filed similar claims in a case before the United States Court of Federal Claims[9] and three civil cases in state court.[10]

A court may on its own initiative dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties has been dismissed.  Dismissal with prejudice prevents subsequent refiling is because it is considered an "adjudication on the merits."[11]  Once a plaintiff's claim is adjudicated, a person is precluded from bring the same claim again against those parties or those in privity with those parties.[12]  Further, a case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[13]  Based on the Court's review of the Complaint and Plaintiff's

---

[8] *Donnelly v. Cagle,* Case No. 3:22-cv-00192-JMK.

[9] *See* Docket 1 at 7.  The Court was unable to locate the docket with the case number provided by Plaintiff in his Complaint but was able to access two orders of the Court of Federal Claims concerning Plaintiff.  Order Nos. 23-0247 and 22-1634.  Recent Decisions of the Court of Federal Claims can be accessed at https://www.uscfc.uscourts.gov/opinions-orders.

[10] *See Donnelly vs. Donnelly,* Case No. 3PA-22-01907CI (complaint for slander, libel and/or defamation filed against a potential witness in his criminal case); *Donnelly vs. Ayer* (Complaint for Legal Malpractice & "Motion for Fraud, Legal Malpractice Rule 45 and Speedy Trial Act and Due Process Violation" filed against his former criminal defense attorney); and *Donnelly vs. AST Officers,* Case No. 3PA-23-02291CI (complaint for slander/libel/defamation against two Alaska State Troopers who allegedly arrested and interrogated Plaintiff).

[11] Fed. R. Civ. P. 41(b).

[12] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005) (a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). *See also Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (preclusion applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.").

[13] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

Case No. 3:21-cv-00225-RRB, *Donnelly v. Cagle, et al.*
Order of Dismissal
Page 3 of 6
Case 3:23-cv-00236-JMK   Document 5   Filed 10/20/23   Page 3 of 6

own admission that he is reasserting his prior claims,[14] the Court finds amendment is futile. Therefore, the Complaint is dismissed with prejudice.

While a court may act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[15] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[16]

Under Rule 11, when a party, even one who is self-represented, presents a pleading to the court they must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[17] Under Local Civil Rule 11.2, the Court is well within its power to impose sanctions for rules violations, including fines, costs, and attorney's fees awards. Beyond these rules-based options, a federal district court

---

[14] Docket 1 at 9.

[15] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[16] *In re McDonald,* 489 U.S. 180, 184 (1989) *(per curiam).*

[17] Fed. R. Civ. P. 11(b)(2–3).

Case No. 3:21-cv-00225-RRB, *Donnelly v. Cagle, et al.*
Order of Dismissal
Page 4 of 6
Case 3:23-cv-00236-JMK   Document 5   Filed 10/20/23   Page 4 of 6

possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[18] This includes fashioning sanctions for conduct that abuses the judicial process or is in bad faith.[19] The Court cautions Plaintiff against filing any future claims for which he lacks a sufficient legal or factual basis. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[20]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED with prejudice as frivolous**.

2. All pending motions are **DENIED AS MOOT**.

3. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).[21]

4. After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[22]

---

[18] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[19] *Id*.

[20] *De Long,* 912 F.2d at 1148.

[21] 28 U.S.C. § 1915(g) requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."

[22] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

Case No. 3:21-cv-00225-RRB, *Donnelly v. Cagle, et al.*
Order of Dismissal
Page 5 of 6
Case 3:23-cv-00236-JMK   Document 5   Filed 10/20/23   Page 5 of 6

5. With this order, the Clerk is directed to send one courtesy copy of the Court's orders in Case No. 3:21-cv-00225-JMK at Docket 7 and Case No. 3:22-cv-192-JMK at Docket 5.

6. The Clerk of Court shall issue a final judgment.

DATED this 20th day of October, 2023, at Anchorage, Alaska.

                                           */s/ Joshua M. Kindred*
                                              JOSHUA M. KINDRED
                                              UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00225-RRB, *Donnelly v. Cagle, et al.*
Order of Dismissal
Page 6 of 6
Case 3:23-cv-00236-JMK   Document 5   Filed 10/20/23   Page 6 of 6